UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-CV-186-RJC

| PAMELA ANNETTE CLARK VANCE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security Administration, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Docs. 7, 8), Defendant's Motion for Summary Judgment and Memorandum in Support, (Docs. 9, 10), and Plaintiff's Response (Doc. 11).

**I.    BACKGROUND**

    A.    Procedural Background

Plaintiff Pamela Annette Clark Vance seeks judicial review of Defendant's denial of her social security claim. (Doc. 1). On or about November 9, 2010, Plaintiff filed an application for a period of disability, alleging that she became disabled on June 14, 2010. (Doc. 6-3 at 15). The Commissioner initially denied Plaintiff's application on December 7, 2010, and was again denied upon reconsideration on February 24, 2011. (Id.). Subsequently, Plaintiff filed a timely written request for a hearing on March 25, 2011. (Id.).

On April 6, 2012, Plaintiff, represented by counsel, appeared and testified at a hearing

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

before an Administrative Law Judge (ALJ). (Doc. 11 at 2). On April 17, 2012, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Id.). Plaintiff filed a request for review of the ALJ's decision but this request was denied by the Appeals Council on May 6, 2013. (Id.). Therefore, the ALJ's decision became the Commissioner's final decision. (Doc. 10 at 3).

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 14, 2010 and the date of the ALJ's decision on April 17, 2012.[2] (Id. at 4). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from June 14, 2010 through the date of his decision, April 17, 2012. (Id. at 5).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or

---

[2] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Id. at 6).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since June 14, 2010. (Doc. 6-3; ALJ at 17). At the second step, the ALJ found that Plaintiff's degenerative disc disease, status post lumbar fusion, status post left knee surgery, asthma, bilateral hand pain and numbness, and an affective disorder were severe impairments. (Id.). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (the Listings). (Id. at 17-19).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work.[3] (Id. at 19-21). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. . . ." (Id. at 19). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20

---

[3]Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). A person capable of light work is also deemed to be capable of sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. Id.

CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

Finally, the ALJ found that Plaintiff could no longer perform her past relevant work as a machine operator, anesthesia assistant, as well as janitorial work. (Id. at 21). However, considering Plaintiff's age, education, work experience, and RFC, the ALJ found, with the help of a vocational expert, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform such as an inspector, packer, and laundry worker. (Id. at 22). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 14, 2010 and the date of his decision on April 17, 2012. (Id. at 23).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claim on two grounds: (1) the ALJ improperly assessed the medical opinions in violation of 20 C.F.R. § 404.1527; and, (2) the ALJ improperly evaluated Plaintiff's credibility in violation of 20 C.F.R. § 404.1529. (Doc. 8 at 8-11; 11-12). The Court reviews each of these arguments.

### A. The ALJ's Evaluation of the Medical Opinions

#### 1. Opinions of Drs. Stringfield and Miller

Plaintiff first objects that the ALJ failed to mention or weigh the opinions of Drs. Stringfield and Miller. (Doc. 8 at 9). The ALJ, however, did "[look] at the objective medical evidence" provided by both Dr. Stringfield and Dr. Miller. (Doc. 6-3; ALJ at 20).
The ALJ is required to consider all relevant evidence but need not discuss every piece of evidence. Here, the ALJ considered and referenced specifically Plaintiff's visit to Dr. Stringfield in June 2010, which occurred after her surgery and where she complained of back pain. (Id.). Furthermore, the ALJ also considered Dr. Miller's recommended surgery to Plaintiff's left L5 nerve root in making his decision. (Id.). That the ALJ did not explicitly discuss Dr. Stringfield's statement about Plaintiff's inability to do any lifting or bending due to her "tenderness" and

5

"muscle spasms," does not alter the fact that the ALJ's determination here was supported by substantial evidence. (Doc. 6-9 at 377). Moreover, Dr. Stringfield's statement does not tend to show disability due to the fact that he could not expressly state how long the limitation would last, and his statement was based largely on Plaintiff's self-reported "tenderness," rather than objective findings.

### 2. *Dr. David's Opinion*

The ALJ gave diminished weight to Dr. David's opinion as Plaintiff denied undergoing surgery, and instead, sought conservative treatment with non-narcotic pain medication. (Doc. 6-3; ALJ at 21). Plaintiff argues that the ALJ did not give Dr. David's treatment note statements in which he mentioned Plaintiff's lumbar spinal stenosis and resultant pain, limited ROM and need to lie down several times per day, the proper consideration they deserved (Doc. 8 at 9-10). Specifically, Plaintiff contends that the ALJ cannot require her to keep undergoing surgery, in order for her and Dr. David's opinions to be considered valid. (Id. at 10). However, even if Dr. David's treatment note statement about the result of her pain were to be given Plaintiff's desired "significant weight," the State agency medical consultant's opinion that Plaintiff could perform the determined RFC is supported by Dr. David's statement: "I am not sure she could return to her prior *more vigorous* occupation." (Doc. 6-8 at 234). As a result, the evidence supports the ALJ's decision that Plaintiff, although not able to perform past relevant work, is able to perform work of a limited light exertional level. (Doc. 6-3; ALJ at 21).

### 3. *State Agency Doctor's Opinion*

Plaintiff further contends that the ALJ assigned greater weight to the non-examining doctor's opinion, Dr. Gardner, that Plaintiff was capable of working. (Doc. 8 at 11). Plaintiff asserts that, because of this, the ALJ did not give any substantive consideration to her treating

physicians' opinion. (Id.). Nonetheless, the ALJ cites Plaintiff's medical evidence provided by her treating physicians on more than one occasion. The stressed weight on Dr. Gardner's opinion can be explained by his consistency with the record. As stated *supra*, Dr. David's statement that Plaintiff cannot go back to her "prior *more vigorous* occupation" is consistent with Dr. Gardner's February 2011 opinion that she could perform light work. (Doc. 6-8 at 234).

    B.    <u>The ALJ's Evaluation of Plaintiff's Credibility</u>

Plaintiff finally argues that the ALJ's assessment of her credibility is not supported by substantial evidence. It is the duty of the ALJ to make credibility determinations. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The ALJ must follow a two-step process to determine a claimant's credibility and whether he or she is disabled by pain or other symptoms. First, the regulations require "at the threshold a showing by objective evidence of the existence of a medical impairment 'which could reasonably be expected to produce' the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). If the claimant meets this threshold, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Id. at 595. This evaluation must take into account:

> not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Id. (citations omitted). In the instant case, the ALJ found that Plaintiff met the first prong of the test. (Doc. 6-3; ALJ 20).

The ALJ determined that Plaintiff's subjective complaints were not fully credible because

7

they were inconsistent with the RFC assessment and objective evidence of record. (Id. at 20-21) In evaluating Plaintiff's credibility, the ALJ considered the objective medical evidence, Plaintiff's medical and treatment history, her statements about her symptoms, and her daily activities. (Id.). For example, the ALJ noted Plaintiff had a history of low back pain with radiculopathy, and diagnostic imaging noted abnormalities since August 2007. (Id. at 20). Additionally, the ALJ observed that Plaintiff received epidural steroid injections in 2007, and in September 2008 Plaintiff underwent lumbar surgery with fusion at L5-S1. (Id.) The ALJ also noted that Plaintiff complained of low back pain and a June 2010 MRI revealed spondylolisthesis at L5-S1 with a widely patent canal. (Id.) The ALJ highlighted that during an August 2010 visit, surgeon Dr. Miller recommended a surgery and Plaintiff indicated she would think about her options, subsequently denied surgery, and instead, sought conservative therapy with Dr. David. (Id.). The ALJ remarked specifically that Plaintiff's self-reported pain she complained of was inconsistent with her decision to undergo conservative treatment. (Id. at 21). While Plaintiff points out that an ALJ cannot require objective evidence of pain itself in order for an individual's statements regarding their pain to be considered credible, the record does not support her contention that she was unable to perform **any** work at all.

Overall, the ALJ found and adequately explained that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not credible because they were inconsistent with the objective medical evidence and her assessed RFC. (Doc. 6-3; ALJ at 21). The ALJ appropriately followed the two-step process for evaluating Plaintiff's credibility. Accordingly, the Court finds that the ALJ adequately explained his position on Plaintiff's credibility and that his finding is supported by substantial evidence.

**IV. CONCLUSION**

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. 7), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. 9), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: March 4, 2014

Robert J. Conrad, Jr.
United States District Judge